*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BAY AREA TRANSPORTATION AUTHORITY,

        Plaintiff-Appellant,

v

COUNTY OF GRAND TRAVERSE,

        Defendant-Appellee,

and

COUNTY OF LEELANAU,

        Defendant.

UNPUBLISHED
August 07, 2026
9:11 AM

No. 374682
Grand Traverse Circuit Court
LC No. 2024-036928-CZ

Before: GADOLA, C.J., and RIORDAN and SWARTZLE, JJ.

PER CURIAM.

This is an interlocutory appeal filed in the midst of trial court litigation concerning the parties' Interlocal Agreement. Plaintiff, Bay Area Transportation Authority (BATA), appeals by leave granted the trial court's order sustaining the objections of defendant, Grand Traverse County (Grand Traverse), to BATA's amended witness list and amended exhibit list. We affirm in part and reverse in part.

## I. FACTS

BATA is a public transportation authority established under the Public Transportation Authority Act, MCL 124.451 *et seq.* Prior to the events leading to this lawsuit, BATA's Articles of Incorporation (Articles) provided that BATA's Board of Directors was to consist of seven members, four of whom were to be appointed by the Grand Traverse County Board of Commissioners, two of whom were to be appointed by the Leelanau County Board of Commissioners, and one At-Large member who was to be appointed by unanimous vote of the BATA Board of Directors.

In February 2023, BATA amended its Articles to increase the BATA board from seven to nine members, adding two At-Large members to be appointed by the BATA board, and to provide that the appointment of the three At-Large members by the board would require a majority vote rather than a unanimous vote. Two of the BATA board members appointed by Grand Traverse's Board of Commissioners voted in favor of the amendment. Grand Traverse responded by threatening to remove the two BATA board members for willful neglect of their duty to represent Grand Traverse on the BATA Board.

The two board members sought superintending control in the circuit court to prevent their removal. BATA, Grand Traverse, and defendant Leelanau County (Leelanau) eventually negotiated a resolution to the action for superintending control, which subsequently was dismissed. To resolve the dispute, BATA and the two counties entered into an Interlocal Agreement under the Urban Cooperation Act of 1967, MCL 124.501 *et seq*. Section 6(c) of the Interlocal Agreement provides that Grand Traverse and Leelanau Counties agree not to remove any BATA board member on the basis that the board member voted in favor of amendment of BATA's Articles adopted February 23, 2023.

The Interlocal Agreement also provides that the parties intended that BATA's Articles be amended, effective August 15, 2023, to be consistent with the terms of the Interlocal Agreement regarding the composition of BATA's board. Specifically, regarding the composition of BATA's board, the Interlocal Agreement provides:

> 2. **BATA Board Composition and Mission.** The BATA Board of Directors shall be composed of 7 members, comprised of 4 members appointed by majority vote of the Grand Traverse County Board of Commissioners, 2 members appointed by majority vote of the Leelanau County Board of Commissioners (collectively these 6 members appointed by the Grand Traverse County Board of Commissioners and the Leelanau County Board of Commissioners are the "County Representatives"), and 1 At-Large member appointed by a 2/3rds supermajority of the BATA Board (the "At-Large Representative"). Upon appointment, Board members shall exercise sound judgment and shall endeavor to make informed decisions that carry out the purposes of BATA as established in the BATA Articles of Incorporation.

Paragraph three of the Interlocal Agreement provides limitations regarding the appointment of board members, as follows in pertinent part:

> 3. **Board Appointments.**
>
> a. Each County shall appoint a County Commissioner to serve as a member of the BATA Board for a term running concurrent with their elected term on the County Commission (the "Ex Officio Members).
>
> b. All other members of the BATA Board shall be appointed for three-year terms . . . .

c.     The County Representatives appointed to the BATA Board by the Leelanau County Board of Commissioners and the Grand Traverse County Board of Commissioners shall be residents of their respective Counties.

d.     Two of the County Representatives from Grand Traverse County must reside in the urban areas of the County . . . .  Of the remaining two, one must reside in a rural area . . . .

e.     The At-Large Representative may be a resident of either Grand Traverse County or Leelanau County.

f.     In appointing the At-Large Representative, the BATA Board shall give consideration to the factors described in the attached Exhibit B.

g.     Prior to making any appointment to BATA, the appointing County shall solicit input from the BATA Board regarding the types of expertise and experience that would be most useful to the BATA Board . . . .

Paragraph nine of the Interlocal Agreement states that the parties "agree to implement the necessary steps to amend the BATA Articles of Incorporation and BATA Bylaws and Rules of Procedure to be consistent with the Agreement."  Paragraph sixteen of the Interlocal Agreement is an integration clause that states:

This agreement is the complete and exclusive statement of the agreement between the Parties with respect to the subject matter thereof and supersedes all prior negotiations, representations, proposals, agreements, and other communications between the Parties either oral or written with respect to the subject matter thereof.

Shortly before executing the Interlocal Agreement, BATA's board amended its Articles to include provisions consistent with the Interlocal Agreement regarding the composition of the board.  The Articles as amended August 10, 2023, provide, in relevant part:

The Authority shall be directed and governed by a seven-person (7) Board of Directors, herein referred to as the "Board."  Four (4) members will be appointed by a majority vote of Grand Traverse County, and two (2) members shall be appointed by a majority vote of Leelanau County (collectively the "County Representatives"). . . .

One (1) At-Large member shall be appointed by a 2/3rds supermajority of the BATA Board. . . .

* * *

Grand Traverse County and Leelanau County shall each appoint a County Commissioner to serve as a member of the BATA Board for a term running concurrent with their elected term on the County commission (the "Ex Officio Members").

All other members of the BATA Board shall serve three (3) year terms, ending on September 30 of the third year. . . .

After the Interlocal Agreement was executed, Grand Traverse recommended the appointment of a county commissioner to serve as its ex-officio member on the BATA board but also recommended the appointment of another county commissioner to serve as one of its representatives on the BATA board. BATA initiated the dispute resolution procedures outlined in the Interlocal Agreement, asserting that under the terms of the Interlocal Agreement, Grand Traverse could appoint only one county commissioner to BATA's board. Grand Traverse disagreed and appointed two county commissioners to serve on BATA's board.

BATA initiated this action against the two counties. In its amended complaint, BATA alleges breach of contract and seeks alternatively recission, specific performance, nullification, or reformation of the agreement. Grand Traverse moved in limine to preclude the admission of prior drafts of the Interlocal Agreement and other evidence regarding the negotiations leading up to the Interlocal Agreement. Grand Traverse argued that the Interlocal Agreement was unambiguous and the proposed evidence therefore was inadmissible parol evidence. The trial court denied the motion in limine without prejudice.

Grand Traverse then moved for summary disposition under MCR 2.116(C)(8) and (C)(10), asserting that it was undisputed that Grand Traverse did not breach the Interlocal Agreement by appointing two county commissioners to serve on BATA's Board, and that BATA was barred by the parol evidence rule from presenting evidence regarding the negotiations leading to the Interlocal Agreement. Grand Traverse supported its motion for summary disposition with the affidavit of attorney Mattis D. Nordfjord, who had represented the counties during negotiation of the terms of the Interlocal Agreement. The trial court denied Grand Traverse's motion for summary disposition without prejudice.

BATA submitted an amended witness and exhibit list in which it listed Nordfjord as a witness and sought to admit two draft versions of the Interlocal Agreement as exhibits, as well as electronic communications between Nick Curcio, BATA's counsel, and Nordfjord. Grand Traverse objected to the amended witness and exhibit list on the basis that Nordfjord's communications were privileged, again raised the parol evidence rule, and objected to the amended witness list as untimely. BATA submitted a second amended witness list and exhibit list, and Grand Traverse similarly objected. After a hearing, the trial court held that Nordfjord could not be called as a witness because BATA had given late notice, which the trial court determined would prejudice Grand Traverse, and also because of attorney-client privilege. The trial court also determined that the evidence of previous negotiations was barred by the agreement's integration clause. This Court granted BATA's application for leave to appeal the trial court's evidentiary rulings. *Bay Area Transp Auth v Grand Traverse Co*, unpublished order of the Court of Appeals entered July 16, 2025 (Docket No. 374682).

## II. DISCUSSION

### A. EVIDENCE OF THE NEGOTIATIONS

BATA contends that the trial court erred by excluding evidence of the parties' negotiation of the Interlocal Agreement on the basis that the evidence is impermissible parol evidence. We conclude that the trial court correctly concluded that evidence of the parties' negotiation of the Interlocal Agreement is not admissible.

We review for an abuse of discretion a trial court's evidentiary rulings. *Andreson v Progressive Marathon Ins Co*, 322 Mich App 76, 87; 910 NW2d 691 (2017). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes and also when it makes an error of law. *Danhoff v Fahim*, 513 Mich 427, 442; 15 NW3d 262 (2024). We review de novo any preliminary legal determination by the trial court regarding the admissibility of evidence. *Shivers v Covenant Healthcare Sys*, 339 Mich App 369, 373; 983 NW2d 427 (2021).

In this case, the Interlocal Agreement contains an integration clause that states that the agreement

> is the complete and exclusive statement of the agreement between the Parties with respect to the subject matter thereof and supersedes all prior negotiations, representations, proposals, agreements, and other communications between the Parties either oral or written with respect to the subject matter thereof.

"[A]n integration clause nullifies all antecedent agreements." *Archambo v Lawyers Title Ins Corp*, 466 Mich 402, 413; 646 NW2d 170 (2002), quoting *UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 499; 579 NW2d 411 (1998). When parties to a written agreement include an integration clause, it is conclusive, and parol evidence is not admissible to show that the agreement is not integrated unless the agreement is obviously incomplete on its face or unless fraud invalidates the integration clause. *UAW-GM Human Resource Ctr*, 228 Mich App at 502. That is, when a contract contains a valid integration clause, parol evidence generally is inadmissible, and "the only fraud that could vitiate the contract is fraud that would invalidate the merger clause itself, i.e., fraud relating to the merger clause or fraud that invalidates the entire contract including the merger clause." *Id*. at 503 (quotation marks and citation omitted); see also *Hamade v Sunoco Inc (R&M)*, 271 Mich App 145, 171; 721 NW2d 233 (2006) (Parol evidence may not be used to contradict the explicit terms of an integration clause that nullifies all prior and contemporaneous agreements, understandings, and representations); *Zwiker v Lake Superior State Univ*, 340 Mich App 448, 476; 986 NW2d 427 (2022) (When an agreement contains an integration clause, parol evidence is admissible only to prove that the clause was fraudulent, to invalidate the entire contract, or if the contract is obviously incomplete on its face).

Here, there is no allegation of fraud that would invalidate the Interlocal Agreement generally or the integration clause specifically. Rather, the parties dispute what the language of the agreement means. BATA interprets the language of the Interlocal Agreement to mean that each county may appoint one county commissioner to the BATA board; Grand Traverse interprets the same language of the Interlocal Agreement to mean that each county may appoint at least one

commissioner to the BATA board but is not limited to only one commissioner appointee. BATA does not assert that the language of the Interlocal Agreement is not the agreed-upon language but rather disputes the meaning of the language agreed upon by the parties.

Because in this case there is no suggestion that the integration clause itself is void on the basis of fraud or any other basis, the integration clause prevents the admission of parol evidence to contradict the terms of the agreement. See *UAW-GM Human Resource Ctr*, 228 Mich App at 507. Because the integration clause in the Interlocal Agreement provides that the Interlocal Agreement "supersedes all prior negotiations, representations, proposals, agreements, and other communications between the Parties either oral or written with respect to the subject matter," any evidence regarding the parties' prior negotiations and prior drafts of the agreement is inadmissible absent a successful challenge of the integration clause.

## B. EXCLUSION OF WITNESS

The trial court excluded Grand Traverse's attorney, Mattis D. Nordfjord, as a witness on the basis that BATA's amended and second amended witness lists were not timely filed and Grand Traverse would be prejudiced by the late addition of the witness, and on the basis of attorney/client privilege. BATA contends that the trial court erred by holding that BATA could not call Nordfjord as a witness because Grand Traverse supported its motion for summary disposition with Nordfjord's affidavit. We review de novo questions involving the interpretation of court rules, such as whether a trial court properly applied MCR 2.401 when denying a motion to amend a witness list. *Smith v Beaumont Health*, ___ Mich ___, ___; ___ NW3d ___ (2026) (Docket Nos. 167716; 167720); slip op at 13.

Parties before the trial court must file and serve their witness lists "[n]o later than the time directed" by the trial court in its scheduling order. MCR 2.401(I)(1); *Smith*, ___ Mich at ___; slip op at 13-14. The trial court "may order that any witness not listed in accordance with this rule will be prohibited from testifying at trial except upon good cause shown." MCR 2.401(l)(2). Good cause is defined as a "satisfactory, sound or valid reason." *Smith*, ___ Mich at ___; slip op at 14. Our Supreme Court in *Smith* recently explained that when determining good cause

> [w]ith regard to a party's diligence, such considerations include the timeliness of a party's motion to amend its witness list after discovering the unavailability of a witness; the absence of repeated previous delays; whether the discovery period has concluded; the effect on mediation (i.e.. case evaluation); and whether the party was made aware of a need to obtain another witness.
>
> In terms of prejudice, the lack of diligence itself may be prejudicial to the opposing party because of the increased costs of unnecessary litigation, for example, when the originally proposed expert witness has already been deposed, or, while not relevant here, when a substitute expert provides a different theory of the case, i.e., trial by surprise. . . . [W]hether the party making the request may be prejudiced by denial of the motion is also relevant in assessing whether there is "good cause" to grant a motion to amend. . . . [T]hese considerations are basic generalities that may be supplemented by relevant caselaw, but we cite them to demonstrate how application of the *Dean* [*v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990)]

factors is not an appropriate standard to evaluate a party's motion to amend a witness list. [*Smith*, ___ Mich at ___; slip op at 17-19 (footnotes omitted).]

The Court in *Smith* explained further that when a party moves to amend a witness list, among the most relevant considerations are whether the initial expert has been deposed, whether discovery has ended, whether the party filed a motion to amend the witness list before the opposing party filed a dispositive motion relating to the witness, and whether either party would be prejudiced by granting or denying the motion. *Id*. at ___; slip op at 22. The Court summarized that "the primary considerations for a trial court in assessing such a motion are (1) the diligence of the moving party and (2) the prejudice that either side would incur from granting or denying the motion." *Id*. at ___; slip op at 23.

In this case, the parties do not appear to dispute that BATA's amended witness lists were not timely filed. However, unlike an expert witness added shortly before trial and after experts have been deposed, there is no suggestion in this case of any prejudice caused to Grand Traverse by BATA's delay. The proposed witness here is Grand Traverse's own attorney whose affidavit Grand Traverse submitted as support for its motion for summary disposition. The record in this case does not suggest that Grand Traverse will need to depose Nordfjord, investigate his position, nor rebut his anticipated testimony with that of other witnesses. On the contrary, Grand Traverse relied upon Nordfjord as an affiant and thus is well-acquainted with Nordfjord and his likely testimony in this case.

However, as discussed, any evidence regarding the parties' prior negotiations and prior drafts of the agreement is inadmissible. So while Nordfjord may be called as a witness, he no doubt will be precluded from providing inadmissible testimony. In addition, while we do not speculate on what questions will be asked at trial, we observe that an attorney may assert attorney-client privilege when applicable. See, e.g., *Estate of Nash v City of Grand Haven*, 321 Mich App 587, 593-595; 909 NW2d 862 (2017) (Discussing instances in which attorney-client privilege attached).

We affirm the trial court's order excluding the admission of evidence of the parties' negotiation of the Interlocal Agreement for purposes of construing the agreement. We reverse the trial court's order denying BATA's motion to amend its witness list to add Attorney Nordfjord as a witness. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Michael J. Riordan
/s/ Brock A. Swartzle

-7-